**Slip Op. 14- 124**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

<table>
<tr><td>

**PUERTO RICO TOWING & BARGE CO.,**

Plaintiff,

v.

**UNITED STATES,**

Defendant.

</td><td>

**Before: Jane A Restani, Judge**

**Court No. 11-00438**

</td></tr>
</table>

**OPINION**

[Motion to alter or amend judgment denied.]

Dated: October 24, 2014

Peter S. Herrick, Peter S. Herrick, P.A., of St. Petersburg, FL, for plaintiff.

Jason M. Kenner, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for defendant. With him on the brief were Stuart F. Delery, Assistant Attorney General, Jeanne E. Davidson, Director, and Amy M. Rubin, Assistant Director. Of counsel on the brief was Michael W. Heydrich, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of New York, NY.

Restani, Judge: Plaintiff Puerto Rico Towing & Barge Co. ("PR Towing") requests the court to grant a motion to reconsider and alter or amend the judgment entered July 10, 2014, pursuant to USCIT Rule 59(e). "The major grounds justifying a grant of a motion to reconsider a judgment are an intervening change in the controlling law, the availability of new evidence, the

need to correct a clear factual or legal error, or the need to prevent manifest injustice." Ford

Motor Co. v. United States, 30 CIT 1587, 1588 (2006).  "The decision to grant a motion for

rehearing rests in the sound discretion of the Court." Xerox Corp. v. United States, 20 CIT 823,

823 (1996).  PR Towing alleges factual and legal errors that purportedly require the court to

grant its motion.

First, PR Towing alleges that the court made a factual error in finding that the December

12, 2007, letter did not include 1) the name and address of the importer of record, 2) the date of

entry, and 3) an adequate, specific description of the repairs, along with support for claiming

each as exempt from duty.  Pl.'s Mot. to Alter or Amend J. and Mem. of Law in Supp. of the

Mot. 1–3, ECF No. 42 ("Pl.'s Mot.").  PR Towing's arguments, however, are unconvincing.  As

the Defendant notes in its memorandum in opposition, PR Towing essentially argues "that each

of these facts could have been determined from the December 12th letter because that letter

included references to other documents containing this information."  Def.'s Mem. in Opp'n to

Pl.'s Mot. to Alter or Amend the Ct.'s Op. 2, ECF No. 44 ("Def. Resp.").  PR Towing, however,

fails to offer any legal support for the argument that simple reference to other documents

containing the necessary information meets the statutory requirement that the protest state

"distinctly and specifically" the information required.  See 19 U.S.C § 1514(c)(1) (2013).  PR

Towing failed to meet the statutory requirements of a protest and, therefore, failed to file a

timely protest.

Second, PR Towing argues that the court legally erred in determining that the December

12, 2007, letter was not a protest because "the language of the letters [made] it abundantly clear

that PR Towing intended to contest the denial by Customs of its application for relief." Pl.'s

Mot. 3. To support this point, PR Towing asserts that the inclusion of the word "protest" has not

been required by courts and courts have read purported protests liberally to constitute actual

protests. Id. at 4–6. According to PR Towing, the absence of "protest" from the December

letters is not fatal to its claim and the court should liberally construe the letters to constitute an

actual protest. Id.

PR Towing ignores the fact that the December 12 and December 17 letters indicated that

they were not treated by PR Towing as protests, an important point in the court's ruling. Puerto

Rico Towing & Barge Co. v. United States, Slip Op. 14-80, 2014 Ct. Int'l. Trade LEXIS 80,

*15–16 (CIT July 10, 2014). Taking into account the additional letters sent, which PR Towing

ignores, it is clear that PR Towing "never intended [the letters] to serve as protests within the

meaning of § 1514." Id. at *15  The additional letters indicate that PR Towing was

contemplating filing a protest in the future. See id. at *15–16. The letters illustrate PR Towing's

attempt to arrive at a solution with Customs that did not require the costly process of filing a

protest. See id. PR Towing cannot assert credibly now that its initial letter was a protest when

all evidence clearly indicates that the letter was not intended to serve as a protest. Further, the

letter itself is missing information mandated by statute and regulation, which is fatal to PR

Towing's claim.

Third, PR Towing asserts the court erred when it found that assuming arguendo the

December letters constituted protests, the summons commencing the action was untimely. Pl.'s

Mot. 6. It is not necessary to decide this issue because the court concluded that the December

letters were not protests. Further, additional attention to this non-dispositive issue would violate

a basic principle of rehearing. See United States v. Matthews, 32 CIT 1087, 1089, 580 F. Supp.

2d 1347, 1349 (2008) ("[A]rguments raised for the first time on rehearing are not properly before

the court for consideration when prior opportunity existed . . . for the moving party to have

adequately made its position known" (internal quotation marks omitted)).  Here, PR Towing had

an opportunity to address this issue in its response to the Defendant's motion to dismiss.  See

Def.'s Mem. in supp. of its Mot. to Dismiss 7 n.5, ECF No. 25.  PR Towing chose not to address

the issue.  See Mem. in Opp'n to Def.'s Mot. to Dismiss, ECF No. 32.  "The purpose of a

rehearing is to correct instances in which there was a 'significant flaw' in the original

proceedings, not to allow a losing party the chance to repeat arguments or to relitigate issues

previously before the court."  Matthews, 23 CIT at 1089, 580 F. Supp. 2d at 1349.  PR Towing's

argument is too little too late.

     For the forgoing reasons, PR Towing's motion to alter or amend the judgment is

     DENIED.

                                 /s/ Jane A. Restani
                                   Jane A. Restani
                                     Judge

Dated: October 24, 2014
       New York, New York